IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BROADSTREET, INC., BROADSTREET GLOBAL FUND, L.L.C., BROAD STREET GLOBAL MANAGEMENT, L.L.C., DAVID FEINGOLD, JOSEPH BALDASSARRA, and STEVEN BALDASSARRA,<br><br>Plaintiffs,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | §§§§§§§§§§§§§§§§ Civil Action No. 4:24-cv-00803-O |

## ORDER

Before the Court are Plaintiffs' Motion for Leave to Seal Certain Documents (ECF No. 4), filed August 22, 2024; Defendant's Motion for Leave to File Under Seal Its Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18), filed September 20, 2024; Plaintiffs' Motion for Leave to Seal Reply (ECF No. 28), filed October 18, 2024; and Defendant's Motion for Leave to File a Partially Redacted Motion to Dismiss (ECF No. 45), filed December 13, 2024.

Specifically, in relation to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (ECF No. 4-4), Plaintiffs ask for the following items to be sealed: (a) Exhibit A to the Complaint, which is a letter from David Feingold to the SEC concerning the SEC's investigation (ECF No. 4-3); (b) the TRO Motion itself (ECF No. 4-4); (c) the four declarations in support of the TRO Motion (ECF No. 4-5); and (d) Plaintiffs' proposed order regarding the TRO Motion (ECF No. 4-6). ECF No. 4. Concerning their Reply, Plaintiffs

ask for the following items to be sealed: (a) the Reply itself (ECF No. 28-3); (b) Exhibit A to the Reply (ECF No. 28-4); and (c) the Appendix to the Reply (ECF No. 28-5). ECF No. 28.

Local Rule 79.3(b) provides that "a party may file a document under seal only on motion and by permission of the presiding judge." L.R. 79.3(b). Notably, the public has a right to access judicial records. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). In recognition of that right, courts "heavily disfavor sealing information placed in the judicial record." *Id.* "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 521 (cleaned up). The presumption is that records should not be sealed, and any sealing of records "must be 'congruent to the need.'" *Id.* (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "Litigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access. They 'must explain in particularity the necessity for sealing.'" *Trans Tool, LLC v. All State Gear Inc.*, No. 19-cv-1304, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (citation omitted) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)).

Mindful of these precedents, the Court notes that Plaintiffs are requesting to seal motions and appendices in their entirety. Accordingly, the Court is unable to "undertake a document-by-document, line-by-line balancing" to determine the particular content that should be sealed. *June Med. Servs.*, 22 F.4th at 521.

Nonetheless, the Court recognizes that *some* information contained in Plaintiffs' filings could meet the high standard to warrant sealing. Therefore, the Court **DEFERS** ruling on Plaintiffs' requests to seal (ECF Nos. 4, 28) until Plaintiffs narrowly identify information that warrants sealing. The Court notes that both the Complaint and hearing are public record, and thus,

the Court will not agree to seal any information already in the public domain. Plaintiffs are **ORDERED** to file supplemental briefing tailoring their request to seal certain documents in accordance with this Order **no later than January 3, 2025**.

Additionally, to the extent that Plaintiffs did not respond to Defendant's request to unseal Defendant's Opposition (ECF No. 18), the Court **ORDERS** that Defendant's Opposition and all related appendices (ECF Nos. 18-2, 19) be **UNSEALED**.

Finally, with respect to Defendant's redacted Motion to Dismiss (ECF No. 46) that Plaintiffs requested be filed under seal, the Court trusts that Defendant redacted the facts that are not from the Complaint (or from other public sources). If Plaintiffs object to the redacted version currently filed under ECF No. 46, Plaintiffs may articulate their objections in their supplemental briefing. Accordingly, the Court **DEFERS** ruling on Defendant's motion (ECF No. 45) until Plaintiffs have the opportunity to review the redactions and respond.

**SO ORDERED** on this **18th day of December, 2024**.

_Reed O'Connor_
Reed O'Connor
UNITED STATES DISTRICT JUDGE