THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BROADSTREET, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>    Defendant. | Civil Action No.: 4:24-CV-00803-O<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES**

## Table of Contents

I.  Introduction ................................................................................................................ 1

II. The Discovery Sought ............................................................................................... 1

III. Conferences of Counsel ............................................................................................ 2

IV. Argument .................................................................................................................. 3

    A.  The SEC's General Objections are Improper. ..................................................... 3

    B.  The SEC's Specific Objections to Plaintiffs' Interrogatories and Requests for Production are Also Unsupported. ....................................................................... 5

        1.  Discovery While Its Motion To Dismiss Based On Sovereign Immunity is Pending. .......................................................................................................... 6

        2.  Irrelevant, overbroad and unduly burdensome ............................................... 6

        3.  Seeks information protected by the attorney-client, work product, deliberative process, and/or law enforcement privileges. ................................................. 7

        4.  "Presumes" that a certain event or communication happened, or a certain document exists. ........................................................................................... 8

        5.  Mental impressions, conclusions, opinions, legal research, legal theories, or counsel's litigation strategy. ........................................................................... 8

        6.  Vagueness ....................................................................................................... 9

V.  Conclusion ............................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Enron Corp. Sav. Plan v. Hewitt Associates, L.L.C.*,
  258 F.R.D. 149 (S.D. Tex. 2009) .................................................................................... 7

*Ferguson v. Sw. Reg'l PCR, L.L.C.*,
  No. 5:22-CV-182-H, 2023 WL 4938091 (N.D. Tex. June 22, 2023) .......................... 5

*Heller v. City of Dallas*,
  303 F.R.D. 466 (N.D. Tex. 2014) ........................................................................ 3, 5, 11

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ........................................................................................................ 7

*Lopez v. Don Herring Ltd.*,
  327 F.R.D. 567 (N.D. Tex. 2018) .................................................................................. 6

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990) ....................................................................................... 6

*SEC v. Brady*,
  238 F.R.D. 429 (N.D. Tex. 2006) .................................................................................. 7

*X Corp. v. Media Matters for Am.*,
  No. 4:23-CV-01175-O, 2024 WL 4416887 (N.D. Tex. Sept. 27, 2024)
  (O'Connor, J.) .................................................................................................................. 7

**Other Authorities**

Federal Rules of Civil Procedure ............................................................................... 4, 7, 8

**I.      Introduction**

Plaintiffs Broadstreet, Inc. ("BSI"), Broadstreet Global Fund, L.L.C. ("BSGF"), Broadstreet Global Management, L.L.C. ("BSGM"), David Feingold ("Feingold"), Joseph Baldassarra ("Joseph Baldassarra"), and Steven Baldassarra ("Steven Baldassara") move to compel the Securities and Exchange Commission (SEC) to produce documents in response to Plaintiffs' Requests for Production and answer Plaintiffs' Interrogatories served on December 5, 2004. *See* **Exhibit A**, Appendix 002-010, and **Exhibit B**, Appendix 011-027.[1]

The SEC only served objections in response to Plaintiffs' Requests for Production and Interrogatories.[2] *See* **Exhibit C**, Appendix 028-049. No responsive information was provided, nor were any responsive documents produced. *See* **Exhibit C**. The Court has already ordered the SEC to participate in discovery (ECF 58). Despite this, the SEC has still not yet produced any documents or responded to any interrogatories.

**II.     The Discovery Sought**

Plaintiffs seek discovery relating to the facts that the SEC has relied on to investigate and issue sanctions against Plaintiffs. This discovery includes correspondence with third parties believed to have started the SEC's investigation into Plaintiffs as well as documents the SEC received from these third parties. Plaintiffs also seek discovery regarding the procedures and guidelines that the SEC has in place to ensure that its staff

---

[1] When the SEC filed Plaintiffs' Requests for Production as part of its appendix in support of the SEC's reply in support of its motion to stay, ECF 54-1, it redacted certain names. *See also* ECF 5-3, p. 9 n. 5. ("[t]he names of individuals and an entity associated with the separate nonpublic Commission investigation are redacted.") These redactions have also been made in the attached appendix.
[2] The SEC's objections were served on January 6, 2025.

follows the law as they engage in their investigations and the documents that reflect how such procedures and guidelines were followed by SEC staff during their investigation of Plaintiffs and in the ancillary actions taken, such as in the issuance of the sanctions against Plaintiffs. The discovery sought also touches on other issues, such as the SEC's actions directed at this District. This discovery includes requests that the SEC identify the third parties that it has subpoenaed within the Northern District of Texas.

### III.  Conferences of Counsel

Having been completely denied any information or documents in response to its initial set of discovery, on January 10, Plaintiffs sent a letter outlining Defendant's deficient discovery responses and its refusal to produce a single document and requesting meet and confer to discuss Plaintiffs' issues with the SEC's objections. *See* **Exhibit D**, Appendix 050-056. An initial meet and confer was held on January 16, 2025, followed by another lengthy meet and confer on January 21, 2025.

In a letter on January 20, Plaintiffs expressly reiterated their request for a privilege log. *See* **Exhibit E**, Appendix 057-059. Again, Defendant refused to produce a privilege log by January 27. Plaintiffs then followed up with further correspondence after the conference calls on January 21. *See* **Exhibit F**, Appendix 060-062. Defendant then responded to these letters on January 22. *See* **Exhibit G**, Appendix 063-066. Finally, Defendant stated via email that they will make their supplemental production of documents on March 31, 2025.

Unfortunately, Plaintiffs' efforts to resolve or substantially resolve the issues raised in their letter of January 10 have been largely unsuccessful. Defendant maintained its objections (both general and specific) and continued to generally assert various

privileges to protect documents and communications that its counsel. But despite the initial deadline for Defendant's discovery responses being due on January 6, 2025, as of the date of the initial conference, the SEC had not begun collecting responsive documents. Instead, the SEC broadly and generally asserted multiple privileges for information and documents Defendant did not gather or review. While Defendant has since indicated that it has now started to collect and review some documents, it has committed to the production documents only by March 31, 2025, **117 days** *after* Plaintiffs' discovery requests were initially made.

In the end, the SEC agreed only to supplement its response to Plaintiff's First Interrogatory without making any commitment to fully responding to the remaining interrogatories. Similarly, while the SEC agreed to provide supplemental written responses to Plaintiff's Requests for Production and to produce some responsive documents, it committed merely to do so by March 31, 2025. This delay serves only the SEC's interests of avoiding discovery as long as possible in hopes of receiving a favorable outcome on its forthcoming second motion to dismiss.

IV.     **Argument**

A.     **The SEC's General Objections are Improper.**

The SEC served eight improper "general objections" to Plaintiffs' Interrogatories and Requests for Production. *See Heller v. City of Dallas,* 303 F.R.D. 466, 483 (N.D. Tex. 2014) (noting that general objections to discovery requests have long been prohibited). These general objections are as follows:

1. The Court does not have subject-matter jurisdiction over Plaintiffs' claims because they are barred by sovereign immunity and are not ripe for review.

2. Plaintiffs' Interrogatories and Requests for Production seek information protected by the attorney-client privilege, attorney work-product doctrine, deliberative process privilege, law enforcement privilege, or any other applicable privilege.

3. Plaintiffs' Interrogatories and Requests for Production seek disclosure of the mental impressions, conclusions, opinions, legal research, legal theories, or counsel's litigation strategy.

4. Plaintiffs' Interrogatories and Requests for Production seek information that is irrelevant, overbroad, or unduly burdensome to produce; seek the production of information that concerns circumstances and events irrelevant to any claims or defenses of any party to this action; seek discovery that is disproportional to the needs of this case; or seek information or documents that are otherwise beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b).

5. Plaintiffs' Interrogatories and Requests for Production seek information that is a matter of public record and to which Plaintiffs have equal access.

6. Plaintiffs' Interrogatories and Requests for Production seek information about the existence or contents of documents that are not SEC documents; seek information about actions by individuals who were not SEC employees; or seek information known by and/or in possession, custody, or control of agencies other than the SEC or employees of agencies other than the SEC.

7. Plaintiffs' Interrogatories and Requests for Production seek information that is over broad and not reasonably limited in time and/or location.

8. Plaintiffs' Interrogatories and Requests for Production purport to impose duties upon Defendant in answering beyond the Federal Rules of Civil Procedure requirements.

These general, generic objections violate the Federal Rules and are invalid. In *Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014), the Northern District of Texas warned counsel to "cease and desist" from raising these types of free-standing and universally applicable "general objections" in responding to discovery requests, finding that they are "inconsistent with the Federal Rules and not warranted by existing law." These general objections leave the requesting party "in the dark as to whether responsive materials are being withheld based on particular objections." *Ferguson v. Sw. Reg'l PCR, L.L.C.,* No. 5:22-CV-182-H, 2023 WL 4938091, at *6 (N.D. Tex. June 22, 2023).

While the Parties discussed the SEC's general objections, the SEC indicated that it would not withdraw its general objections.

Like the general objections in *Heller* and *Ferguson*, Plaintiffs ask that the Court rule the SEC's general objections are similarly invalid. Defendant refused to withdraw its general objections.

**B.    The SEC's Specific Objections to Plaintiffs' Interrogatories and Requests for Production are Also Unsupported.**

The SEC's specific objections to Plaintiffs' Interrogatories and Requests for Production also lack merit. The SEC did not answer any interrogatories or provide any

documents to Plaintiffs. Instead, the SEC gave six different specific objections to Plaintiffs' Interrogatories and Requests for Production. Each objection is unsupportable:

1. The Commission should not be subjected to discovery while its motion to dismiss based on sovereign immunity, among other grounds, is pending.

2. The Interrogatory or the Request for Production is irrelevant, overbroad and unduly burdensome.

3. The Interrogatory or the Request for Production seeks information protected by the attorney-client, work product, deliberative process, and/or law enforcement privileges.

4. The Interrogatory or the Request for Production "presumes" that a certain event or communication happened, or a certain document exists.

5. The Interrogatory or the Request for Production seeks disclosure of the mental impressions, conclusions, opinions, legal research, legal theories, or counsel's litigation strategy.

6. The Interrogatory or the Request for Production is vague.

The Court should reject each of these objections for the reasons below:

**1. Discovery While Its Motion To Dismiss Based On Sovereign Immunity is Pending.**

The Court has already rejected this argument. Particularly, the SEC brought a Motion to Stay discovery pending its Motion to Dismiss. (ECF No. 30). The Court denied that motion and ruled that discovery can proceed. (ECF No. 58).

**2. Irrelevant, overbroad and unduly burdensome**

This objection is deficient. Simply objecting to requests as overly broad, burdensome, and irrelevant, without showing specifically how each request is not

relevant or how each question is overly broad or unduly burdensome, is inadequate to "voice a successful objection." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990).

Moreover, to properly assert these overbroad and unduly burdensome objections, the SEC must show how the requested discovery is overly broad and unduly burdensome by offering evidence or affidavits revealing the nature of the burden. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018); *see also SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). The SEC did not do so.

### 3. Seeks information protected by the attorney-client, work product, deliberative process, and/or law enforcement privileges.

This objection is also defective. The SEC must expressly claim the claimed privilege and describe the documents being withheld in a manner that enables Plaintiffs to assess its applicability. Fed. R. Civ. P. 26(b). A blanket objection is not enough to assert a privilege. *Enron Corp. Sav. Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 160 (S.D. Tex. 2009). "When a party withholding documents fails to provide a privilege log and fails to properly substantiate its objections by submitting evidence necessary to sustain its burden of proof to its objections, privilege is waived." *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 4416887, at *2 (N.D. Tex. Sept. 27, 2024) (O'Connor, J.) (internal quotations omitted).

Plaintiffs have requested that the SEC produce a privilege log by January 27, which is over 50 days after the SEC's discovery responses were originally due, but the

SEC has indicated that it would not produce a privilege log by January 27, asserting that the request was not "reasonable or realistic." *See* **Exhibit G**, Appendix 065.

Further, the work product privilege is not absolute and is subject to exceptions. *See e.g. Hickman v. Taylor*, 329 U.S. 495, 511 (1947); FRCP 26(b)(3)(A). The facts Plaintiffs seek are essential to Plaintiffs' claims of SEC misconduct. Further, such facts and materials or their substantial equivalent cannot be obtained in any other way. The information and documents that the SEC had access to and relied on in issuing the sanctions and in taking the other actions that it has taken that have been challenged in this litigation are not able to be obtained through other means than through discovery from the SEC itself.

4. **"Presumes" that a certain event or communication happened, or a certain document exists.**

This objection is similarly improper. An objection must state whether any responsive materials are being withheld based on that objection. Fed. R. Civ. P. 34(b)(2)(C). If such an event or communication never happened or certain documents do not exist, then that should be expressed in the SEC's response.

5. **Mental impressions, conclusions, opinions, legal research, legal theories, or counsel's litigation strategy.**

This objection duplicates the SEC's objection based on attorney work product. To properly assert this objection, the SEC must expressly claim the privilege and describe the documents being withheld in a manner that enables Plaintiff to assess its applicability. Fed. R. Civ. P. 26(b). The SEC refuses to do so.

Plaintiffs seek the factual information and documents containing that information that the SEC is in possession of that provided the basis on which SEC staff issued

sanctions against Plaintiffs. The asserted work product privilege does not protect this information.

      **6.    Vagueness.**

The SEC objected to numerous requests because the requests were allegedly vague. To resolve the alleged "vagueness," Plaintiffs provided the following clarifications regarding the requests.

<u>Interrogatory No. 1:</u>

Identify the SEC involved in the investigation of Plaintiffs, including indicating their roles, responsibilities, and all actions they have taken as part of the investigation of Plaintiffs.

The SEC objected that the interrogatory "is vague given the apparent missing word and ambiguity as to who or what is covered." The request is not vague or missing a word, though, as the term "SEC" within Plaintiffs' Interrogatories is defined as the U.S. Securities and Exchange Commission, including its officers, directors, employees, representatives, attorneys, agents, and divisions.

During the conference, Plaintiffs clarified that they are not requesting the identities of employees of the SEC such as janitors, but that Plaintiffs are interested in the identities of any decision-makers related to the investigation and support staff that have taken actions such as receiving tips from third parties that are related to the investigation.

<u>Request for Production No.1</u>:

All documents supporting Your assertion that the activities of Plaintiffs fall under the SEC's regulatory authority.

The SEC objected to this request as vague as to "what activities of Plaintiffs it refers." Plaintiffs specified that request refers to Plaintiffs' activities that the SEC is investigating.

Request for Production No. 2:

All documents and communications related to the scope of conduct deemed appropriate for the SEC during investigations.

The SEC objected to the request as vague as to what is meant by "scope of conduct deemed appropriate." Plaintiffs clarified that documents and communications related to the "scope of conduct deemed appropriate" means documents and communications that outline, discuss, or otherwise relate to what conduct is appropriate for SEC staff.

Request for Production No. 3:

All documents and communications related to the scope of conduct deemed inappropriate for the SEC during investigations.

The SEC objected to this request as vague as to what is meant by "scope of conduct deemed inappropriate." Plaintiffs explained that the "scope of conduct deemed appropriate" means documents and communications that outline, discuss, or otherwise relate to what conduct is *not* appropriate for SEC staff.

Request for Production No. 4:

All documents and communications guiding the boundaries within which the SEC may operate during the course of its investigations.

Defendant objected to this request as vague as to what is meant by "guiding boundaries within which the SEC may operate." Plaintiffs clarified that "guiding boundaries within which the SEC may operate" means documents and communications

that outline, discuss, or otherwise provide guidance to SEC staff regarding what limits there are in how they may operate during SEC investigations.

Request for Production No. 7:

All communications discussing compliance with federal mandates during the investigation of Plaintiffs.

The SEC objected to this request as vague as to what is meant by "federal mandates." Plaintiffs specified that the term "federal mandates" refers to the scope of authority delegated by Congress to the SEC, including the limitations imposed on its investigatory and enforcement powers. Plaintiffs seek communications discussing how these Congressional mandates are applied in the context of the investigation of the Plaintiffs.

Additional clarifications were also made within Exhibit D in response to Defendants' "vague" objections to Requests for Production #8, 11, 18, 32, 34, 35, 41, and 42. *See* Exhibit D, Appendix 054-055.

Even with these clarifications, the SEC clings to its previous vagueness objections. As the Court explained in *Heller v. City of Dallas*, the party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. Discovery requests must be given a reasonable construction, and a responding party is not permitted to conjure up ambiguity where there is none. 303 F.R.D. 466, 491 (N.D. Tex. 2014).

Plaintiffs' requests here are not vague and ambiguous. They certainly are not so vague or ambiguous as to be incapable of reasonable interpretation and to prohibit Plaintiffs' responses. Accordingly, the SEC's objections are unsupportable.

V.   Conclusion

The SEC cannot justify its objections or further delay in production of documents, let alone a privilege log. Plaintiffs therefore ask the Court to order the SEC to provide responsive documents to Plaintiffs' Requests for Production by February 14, 2025. Plaintiffs also request an order that the SEC must expressly make its claims of privilege in a proper privilege log and describe the documents being withheld so that Plaintiffs can assess their applicability. Plaintiffs also request that the Court order the SEC to answer Plaintiffs' interrogatories without objections by February 14, 2025.

DATED:  January 27, 2025           BROZYNSKI & DALTON PC


By: /s/ Bart Dalton
    BART DALTON
    Texas Bar No. 24043418
    bart@bdlegalgroup.com
    KATARZYNA BROZYNSKI
    State Bar No. 24036277
    kasia@bdlegalgroup.com
    ERIC KNUDSEN
    Texas Bar No. 24120949
    eric@bdlegalgroup.com
    5700 Tennyson Parkway, Suite 300
    Plano, Texas 75024
    Telephone: 972.371.0679

    Attorneys for PLAINTIFFS
    BROADSTREET, INC., BROADSTREET
    GLOBAL FUND, L.L.C.,
    BROAD STREET GLOBAL
    MANAGEMENT, L.L.C., DAVID
    FEINGOLD, JOSEPH BALDASSARRA,
    and STEVEN BALDASSARRA.

## CERTIFICATE OF CONFERENCE

  The undersigned attorney hereby certifies that on June 16 and June 21, 2025, counsel for Plaintiffs, Katarzyna Brozynski, conferred in good faith with counsel for Defendant, Melinda Hardy and Eric Reicher, by video conference call in an effort to obtain the discovery sought without court action.

                */s/ Katarzyna Brozynski*
                Katarzyna Brozynski

## CERTIFICATE OF SERVICE

  I hereby certify that on this 27th day of January, 2025, I filed or caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system.

                */s/ Eric Knudsen*
                Eric Knudsen